■ HEPOLITO PEREZ et al., Appellants, v. RUSSELL FRAZEE, Respondent.— *Per Curiam.* Appeal from a judgment of the Supreme Court which dismissed the complaint, in a negligence action, at the close of the plaintiffs' case. There were apparently alternate ways of access to the trailer which plaintiffs occupied and plaintiff wife chose to walk on a way or rutted track made by vehicles traversing the farm pasture, and in so doing fell and was injured. The existent conditions were apparent when plaintiffs' occupancy began. In a recent case similar to this, although the facts were markedly stronger in plaintiff's favor than here, we affirmed a nonsuit, remarking upon plaintiff's acceptance of the "practical necessities" of the physical situation and holding "unrealistic and unreasonable" plaintiff's contention that defendant was required to maintain its private road "clear of all hazards to pedestrians resulting from its normal, necessary and intended use and from the vagaries of Winter weather." (*Denning* v. *Pioneer Trailer Sales,* 20 A D 2d 846, 847.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ ROBERT E. FOLEY CONSTRUCTION CORPORATION, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant.— MEMORANDUM BY THE COURT. In connection with its contract for the construction of a transmission line, plaintiff seeks to recover the cost of tension-stringing lines in the course of construction, so as to prevent their contact with rock and other rough and abrasive surfaces; plaintiff alleging an oral request and authorization subsequent to the written contract and defendant contending that tension-stringing was contemplated by the contract although not specified and, additionally, that the alleged modification of the written contract was unauthorized. Special Term held (1) that it was unable, on the papers before it, to determine the latter contention as a matter of law; (2) that whether or not the contract contemplated tension-stringing might depend on custom or usage; and (3) that these and the other issues demonstrated "can only be properly resolved after a trial." Order denying defendant's motion for summary judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.